J2B9BURP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          19 CR 86 (GBD)

5   DANIELLE BURDUCEA,

6              Defendant.

7   ------------------------------x

8                                    New York, N.Y.
                                     February 11, 2019
9                                    12:08 p.m.

10

    Before:
11
                        HON. GEORGE B. DANIELS
12
                                          District Judge
13

14                          APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    DAVID M. ABRAMOWICZ
17  NOAH D. SOLOWIEJCZYK
         Assistant United States Attorneys
18
    JAMES KOUSOUROS
19       Attorney for Defendant

20

21

22

23

24

25

                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

J2B9BURP

```
1              (Case called)

2              MR. ABRAMOWITZ:  Good afternoon, your Honor.  David

3    Abramowitz and Noah Solowiejczyk for the government.

4              THE COURT:  Good afternoon.

5              MS. CHAN:  Lisa Chan from pretrial.

6              MR. KOUSOUROS:  Good afternoon, sir.  James Kousouros

7    for Ms. Burducea.

8              THE COURT:  Good afternoon, Mr. Kousouros.

9              Let me start with the government.  What's the status

10   from the government's perspective?

11             MR. ABRAMOWITZ:  Your Honor, we are here for a

12   presentment for the defendant who voluntarily surrendered this

13   morning, and then a waiver of indictment, an arraignment on an

14   information that we have passed up to the Court, and then we

15   expect that the defendant will enter a guilty plea pursuant to

16   a plea agreement that we've handed up as well.

17             THE COURT:  Mr. Kousouros.

18             MR. KOUSOUROS:  That is correct, sir.

19             THE COURT:  Can we swear in -- what's her name?

20             MR. KOUSOUROS:  Ms. Burducea.

21             THE COURT:  Burducea?

22             MR. KOUSOUROS:  Burducea, yes.

23             THE COURT:  Swear in Ms. Burducea.

24             (Defendant sworn)

25             THE COURT:  Do you understand that you're now under
```

3

J2B9BURP

1    oath and that if you answer any of my questions falsely, your

2    false or untrue answers may later be used against you in

3    another prosecution for perjury or making a false statement?

4              Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  What is your full name?

7              THE DEFENDANT:  Danielle Nicole Burducea.

8              THE COURT:  How old are you?

9              THE DEFENDANT:  35.

10             THE COURT:  How far did you go in school?

11             THE DEFENDANT:  I have a bachelor's of arts in

12   political science.

13             THE COURT:  And are you now or have you recently been

14   under the care of a doctor or a psychiatrist?

15             THE DEFENDANT:  Yes.

16             THE COURT:  And what kind of care?

17             THE DEFENDANT:  Psychiatrist.

18             THE COURT:  And have you ever been treated or

19   hospitalized for any mental illness or any type of drug or

20   alcohol addiction?

21             THE DEFENDANT:  No.

22             THE COURT:  And in the past 24 hours have you taken

23   any drugs, medicine, pills or have you drunk any alcohol?

24             THE DEFENDANT:  Just my medication.

25             THE COURT:  OK.  And is your mind clear today?

J2B9BURP

1        THE DEFENDANT:  Yes.

2        THE COURT:  Are you feeling well today?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Do either counsel have any doubt as to the

5    defendant's competence to plead?

6        MR. ABRAMOWITZ:  No, your Honor.

7        MR. KOUSOUROS:  No, sir.

8        THE COURT:  Then, Ms. Burducea, your attorney has

9    informed me that you wish to waive prosecution by indictment

10   and wish to plead guilty to a three-count information to be

11   filed by the government.

12       Is that what you wish to do today?

13       THE DEFENDANT:  Yes.

14       THE COURT:  Now have you had a full opportunity to

15   discuss your case with your attorney and to discuss the

16   consequences of entering a plea of guilty?

17       THE DEFENDANT:  Yes.

18       THE COURT:  And are you satisfied with your attorney,

19   Mr. Kousouros, and his representation of you?

20       THE DEFENDANT:  Yes.

21       THE COURT:  On the basis of defendant's responses to

22   my questions and my observations of her demeanor, I find that

23   she is fully competent to enter an informed plea at this time.

24       Now before I accept any plea from you I'm going to ask

25   you certain questions and my questions are intended to satisfy

J2B9BURP

1    me that you wish to plead guilty because you are, in fact,

2    guilty and that you fully understand the consequences of your

3    guilty plea.  If you do not understand the question, please

4    stop me and ask -- ask either me or your attorney for a full

5    explanation.

6            Is that clear?

7            THE DEFENDANT:  Yes.

8            THE COURT:  I'm first going to describe to you certain

9    rights that you have under the Constitution and the laws of the

10    United States.  You'll be giving up these rights if you enter a

11    plea of guilty.  So, please listen carefully because at the end

12    of my description of all of your rights I'll again ask you

13    whether you fully understood all that I've said.  OK?

14            THE DEFENDANT:  OK.

15            THE COURT:  Yes?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Now, first of all, do you understand you

18    have a constitutional right to be charged by an indictment

19    rather than an information?

20            An indictment would be from the grand jury after the

21    grand jury heard evidence and determined that they believed

22    that there's probable cause to charge you with an offense,

23    unlike an information, which is simply a charge that's written

24    up by the prosecutor.

25            Do you understand that?

J2B9BURP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Now, I've been handed what we commonly

3    refer to as a waiver of prosecution by indictment.  It

4    basically says that you, being accused of the crimes laid out

5    in the plea agreement, being advised of the nature of the

6    charges and of your rights, hereby waives in open court

7    prosecution by indictment and consents that the prosecution may

8    be by information instead of by indictment.

9          Is that your signature on this document?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And do you understand that by signing this

12    document that you're consenting to be charged by an information

13    and you're waiving your right to be charged by an indictment?

14          Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you waive this right voluntarily and

17    knowingly?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And have you received a copy of the

20    information?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And have you read it?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And did you discuss the charges in that

25    information with your attorney?

J2B9BURP

1              THE DEFENDANT:  Yes.

2              THE COURT:  And do you understand that Count One of

3    this information charges you with participating in a conspiracy

4    to violate the Anti-Kickback Statute.  Do you understand that

5    charge?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And Count Two charges you with conspiracy

8    to commit honest services wire fraud.

9              Do you understand that charge?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And Count Three charges you with identity

12   theft.

13             Do you understand that charge?

14             THE DEFENDANT:  Yes.

15             THE COURT:  And on Count One, the conspiracy to

16   violate the Anti-Kickback Statute, your maximum possible

17   penalty that can be imposed on the crime to which you're

18   offering to plead guilty is up to five years imprisonment, up

19   to three years supervised release, a fine of up to $250,000 or

20   twice the gain or loss from the offense, and I must impose a

21   mandatory $100 special assessment.

22             Do you understand that those are the maximum penalties

23   that can be imposed on Count One?

24             THE DEFENDANT:  Yes.

25             THE COURT:  And on Count Two, the maximum penalty that

can be imposed on Count Two is up to 20 years imprisonment,

again, a maximum term of up to three years supervised release,

and a fine of up to $250,000 or twice the gain or loss from the

offense, and I must impose a separate $100 special assessment.

Do you understand that that's the penalty that can be

imposed on Count Two?

THE DEFENDANT:  Yes.

THE COURT:  And on Count Three, Count Three carries a

mandatory sentence of two years imprisonment which must run

consecutively to any sentence of imprisonment that's imposed on

the other counts.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And also a -- it has a maximum fine of up

to $250,000 or twice the gain or loss from the offense, and I

must impose a third mandatory special assessment.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Also, I must impose restitution if

restitution is appropriate to any victims of the crime.

And pursuant to your plea agreement with the

government you're agreeing to admit the forfeiture allegation

with respect to Count One and Count Two and agreeing to forfeit

any and all property or money that the government contends is

proceeds of the crime.

9

J2B9BURP

```
1            Do you understand that?

2            THE DEFENDANT:  Yes.

3            THE COURT:  So we'll proceed on the information.

4            Now even though you --

5            MR. ABRAMOWITZ:  Your Honor, I'm sorry to interrupt.

6   May I just note Count Three also carries a term of supervised

7   release of up to one year.

8            THE COURT:  I'm sorry.  Yes.  Up to one year

9   supervised release.

10           And supervised release means if you're sentenced to

11  prison you'd be subject to monitoring after you were released

12  from prison, and that monitoring would be under terms and

13  conditions that could lead to your re-imprisonment without a

14  jury trial if you violate any of the conditions of your

15  release.

16           Do you understand that?

17           THE DEFENDANT:  Yes.

18           THE COURT:  So under the Constitution and laws of the

19  United States you still have a right to a speedy and public

20  trial by jury on all charges against you which are contained in

21  the information.

22           Do you understand that?

23           THE DEFENDANT:  Yes.

24           THE COURT:  And if there were a trial, you'd be

25  presumed innocent and the government would be required to prove
```

J2B9BURP

your guilt by competent evidence and beyond a reasonable doubt.
You would not have to prove that you were innocent at trial.

>Do you understand that?

>THE DEFENDANT:  Yes.

>THE COURT:  And if there were a trial, you'd have a
right to be represented by an attorney at that trial and any
related proceedings thereafter; and if you could not afford an
attorney, one would be provided to you free of cost.

>Do you understand that?

>THE DEFENDANT:  Yes.

>THE COURT:  And if there were a trial, you'd have a
right to see and hear all of the witnesses against you and your
attorney could cross-examine those witnesses.  And you'd have a
right to have your attorney object to the government's evidence
and to offer evidence on your behalf if you so desired and you
would have a right to have subpoenas issued or other compulsory
process used to compel witnesses to testify in your defense.

>Do you understand that?

>THE DEFENDANT:  Yes.

>THE COURT:  And if there were a trial, you'd have the
right to testify if you wanted to but no one could force you to
testify if you did not want to.  Further, no inference or
suggestion of guilt could be drawn by the jury if you chose not
to testify at trial.  You could go to trial without testifying
or calling any witnesses or presenting any evidence whatsoever.

J2B9BURP

1          Do you understand this?

2          THE DEFENDANT:  Yes.

3          THE COURT:  And do you understand each and every one

4   of these rights that I've just indicated to you?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And do you understand that by entering a

7   plea of guilty today you're giving up each and every one of

8   these rights, that you're waiving these rights, and that you

9   will have no trial?

10          Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  And do you understand that you can change

13   your mind right now and refuse to enter a plea of guilty?  You

14   do not have to enter this plea of guilty if you do not want to

15   for any reason.

16          Do you fully understand this?

17          THE DEFENDANT:  Yes.

18          THE COURT:  I've been given a copy of a plea

19   agreement.

20          Is that your signature on the last page of this

21   agreement?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Did you read this agreement before you

24   signed it?

25          THE DEFENDANT:  Yes.

12

J2B9BURP

1          THE COURT:  And did you discuss the terms of this

2    agreement with your attorney before you signed it?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And did you fully understand the agreement

5    before you signed it?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And does this letter agreement constitute

8    your complete and total understanding of the entire agreement

9    as entered into and signed by you, the prosecutor, and your

10   attorney?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Is everything that you understand about

13   your plea and sentence contained in this agreement?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Has anything been left out, promised to

16   you that's been left out of this agreement?

17         THE DEFENDANT:  No.

18         THE COURT:  Has anyone forced you or threatened you to

19   enter into this plea agreement or to plead guilty?

20         THE DEFENDANT:  No.

21         THE COURT:  Now, also do you further understand that

22   if you're a United States citizen and I accept your guilty

23   plea, that felony conviction may deprive you of valuable civil

24   rights such as the right to vote, the right to hold public

25   office, the right to serve on a jury, or the right to possess

J2B9BURP

1    any kind of firearm?

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  And do you also understand that if you're

5    not a citizen of the United States and I accept your guilty

6    plea, additionally that conviction may subject you to

7    deportation and/or deprive you of the right to apply for United

8    States citizenship or to reenter this country?

9              Do you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And under current law there are sentencing

12   guidelines that judges must consider in determining your

13   sentence.  Have you discussed the sentencing guidelines with

14   your attorney?

15             THE DEFENDANT:  Yes.

16             THE COURT:  And although there may be a calculation of

17   the applicable guideline range contained in the plea agreement,

18   this Court will not be able to determine your sentencing

19   guideline range until after the presentence report is completed

20   by the probation office and you and the government have had a

21   chance to challenge any of the facts reported by the probation

22   office and its officers.

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  And do you further understand that even

J2B9BURP

1    after I have determined what sentencing guideline range applies

2    in your case, I have the authority to impose a sentence that's

3    higher or lower than the sentence calculated by the sentencing

4    guidelines.

5              Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And do you understand if your attorney or

8    anyone else has attempted to estimate or predict what your

9    sentence will be, their estimate or prediction could be wrong?

10             Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  No one, not even your attorney or the

13   United States Attorney, can, nor should, give you any assurance

14   as to what your sentence will be because, as I just said, I

15   cannot determine that sentence until after the presentence

16   report is completed, I've ruled on any challenges to the

17   report, and I've determined whether there are any grounds to

18   depart up or down from the sentencing guideline range and I

19   must determine what is a reasonable sentence in your particular

20   case.

21             Do you understand all of that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you further understand, fully

24   understand that even if your sentence is different from what

25   your attorney or anyone else told you it might be, if it is

J2B9BURP

1   different from what you expect, you'll still be bound by the

2   guilty plea that you're entering today, you'll not be allowed

3   to withdraw your guilty plea after it's entered, and I will

4   sentence you on the date of sentence pursuant to the guilty

5   plea that you're entering today.

6           Do you understand all of that in?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Mr. Kousouros, do you know of any valid

9   defense that would prevail at trial or any reason why your

10  client should not be permitted to plead guilty?

11          MR. KOUSOUROS:  I do not, sir.

12          THE COURT:  Then why don't you tell me, Ms. Burducea,

13  tell me what you did in connection with these three charges

14  that makes you guilty of these offenses.

15          THE DEFENDANT:  With respect top Count One, from on or

16  about September of 2014 up to and including part of 2015 I

17  participated in a conspiracy with my employer Insys, a

18  pharmaceutical company, to pay illegal kickbacks to doctors.

19  These doctors were paid speakers' fees, which were supposed to

20  be for speaking engagements during which these doctors would

21  educate other physicians.  In fact, they were social dinners

22  designed to compensate the speaker doctors for prescribing

23  Subsys.  I knew that this was wrong.  Some of these dinners

24  were held in New York County.

25          With respect to Count Two, by engaging in the kickback

J2B9BURP

1    conspiracy just described in Count One, I agreed to improperly

2    influence the decisions of the doctors in prescribing Subsys,

3    thereby depriving the patients of their doctor's honest

4    services.

5            With respect to Count Three, during and in relation to

6    honest services conspiracy charged in Count Two, I acted with

7    others to falsely represent the individuals who did not attend

8    the speakers' dinners had actually attended.  In order to

9    accomplish this, I acted with others to put the signed names,

10   the national provider identification numbers and state license

11   numbers of these individuals on sign-in sheets.  At times we

12   did this without the consent of the people whose signatures

13   were forged.

14           THE COURT:  So how do you plead to these three

15   charges, guilty or not guilty?

16           THE DEFENDANT:  Guilty.

17           THE COURT:  Are you pleading guilty because you are,

18   in fact, guilty of each one of these offenses?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Are you pleading guilty voluntarily and of

21   your own free will?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Anything further from the government?

24           MR. ABRAMOWITZ:  A few things, your Honor.

25           First, we would just proffer some evidence that we

J2B9BURP

1    would expect to show at trial with respect to the allocution

2    the defendant just gave.

3              As to Count Two, we would expect evidence at a trial

4    to show that in connection with the conspiracy, the honest

5    services wire fraud conspiracy, wire payments were made to

6    doctors in the Southern District of New York.

7              Also with respect to Counts Two and Three, there were

8    dinners that were part of the scheme held in New York County,

9    as the defendant said, including dinners with respect to Count

10   Three, at which individuals' names and other personal

11   information was forged on the sign-in sheets.

12             In addition, your Honor, we would just like to read

13   the elements of the offense that we would need to prove at a

14   trial.

15             THE COURT:  Yes.

16             MR. ABRAMOWITZ:  With respect to Count One, the

17   government would need to prove at a trial beyond a reasonable

18   doubt the following elements.  First, that two or more persons

19   entered into the unlawful agreement charged in the information;

20   second, that the defendant knowingly and willfully became a

21   member of that conspiracy; third, that one of the members of

22   the conspiracy knowingly committed at least one of the overt

23   acts charged in the information or an overt act which is

24   substantially the same as the charged overt acts; and fourth,

25   that the overt acts committed were committed by a member of the

J2B9BURP

1   conspiracy to further some objective of that conspiracy.

2          Here the object of the conspiracy was to violate the

3   Anti-Kickback Statute in violation of Title 42 of the United

4   States Code Section 1320a-7b(b)(2)(B).

5          This statute makes it a crime to knowingly and

6   willfully offer or pay any remuneration, including any

7   kickback, bribe, or rebate, directly or indirectly, overtly or

8   covertly in cash or in kind to any person to induce such person

9   to prescribe a drug for which payment may be made in whole or

10  in part under a federal health care program.

11         Therefore, this offense has the following elements.

12  First, the offering or payment of any remuneration; second,

13  that one purpose of that payment or offer of payment is to

14  cause the purchase, lease or ordering or arranging for or to

15  recommend the purchasing, lease, or ordering of any good,

16  facility, service, or item.  In this case, that item was the

17  prescription drug referred to in the information as the

18  fentanyl spray; and third, that the good, facility, service or

19  item, so in this case the fentanyl spray identified in the

20  information, was or could have been paid in whole or in part by

21  a federal health care program such as Medicare and Medicaid.

22  And, fourth, that the defendant acted knowingly and willfully.

23         As to Count Two, the conspiracy to commit honest

24  services fraud, there are two elements.  First, that an

25  agreement to commit honest services wire fraud existed; and

J2B9BURP

second, that the defendant knowingly and willfully joined that

conspiracy.  Here, the object of the conspiracy charged was

honest services wire fraud.  That crime has three elements.

First, the existence of a scheme or artifice to

defraud patients of their intangible right to the honest

services of their doctor by the payment and receipt of bribes

and kickbacks; second, that the defendant knowingly and

willfully participated in this scheme or artifice to defraud

with knowledge of its fraudulent nature and with specific

intent to defraud or that she knowingly and intentionally aided

and abetted others in the scheme; and third, that in the

execution of the scheme the defendant used or caused the use of

interstate or foreign wires.

Finally, as to Count Three, aggravated identity theft,

the government at a trial would need to prove the following

elements beyond a reasonable doubt.  First, that the defendant

knowingly used or transferred or possessed a means of

identification of another person; second, that the defendant

used the means of identification during and in relation to an

enumerated felony in this case, the honest services wire fraud

conspiracy charged in Count Two of the information; and third,

that the defendant acted without lawful authority.

Finally, your Honor, with respect to all three

offenses the government would be required to prove by a

preponderance of the evidence that venue in the Southern

J2B9BURP

1    District of New York is appropriate.

2              THE COURT:  Because the defendant has acknowledged

3    that she is guilty as charged in Counts One, Two, and Three,

4    and because she knows her rights and is waiving them, and

5    because her plea is entered knowingly and voluntarily and is

6    supported by facts containing each of the essential elements of

7    those three offenses, I accept her guilty plea and adjudge her

8    guilty of Count One, Count Two, and Count Three of this

9    information.

10             Order a presentence report, a sentencing date?

11             MR. ABRAMOWITZ:  Your Honor, we would ask that the

12   Court set a sentencing control date for approximately six

13   months from now.

14             THE COURT:  Why don't we say September 10 at

15   10 o'clock.

16             MR. ABRAMOWITZ:  And then, your Honor, there's also

17   the matter of bail conditions that need to be set.  Whenever

18   you're ready I can explain what the parties have discussed.

19             THE COURT:  Yes.

20             MR. ABRAMOWITZ:  Your Honor, as I noted earlier

21   Ms. Burducea surrendered voluntarily this morning at 7:30 a.m.

22   And the parties, I believe, have reached at least a framework

23   of an agreement for her release on bail.  We propose that the

24   defendant be released on a personal recognizance bond in the

25   amount of $200,000.  We do not believe cosigners are necessary

J2B9BURP

1    at this time.

2             That she be required to undergo pretrial supervision

3    as directed.

4             That her travel be restricted to the Southern and

5    Eastern Districts of New York.

6             And that she be required to surrender passports and

7    other travel documents.

8             And, finally, the government proposes that she also be

9    directed to undergo drug testing and mental health counseling

10   as directed by pretrial.

11            THE COURT:  Mr. Kousouros.

12            MR. KOUSOUROS:  Your Honor, that is certainly

13   agreeable to the defense.  We would only ask her passport is at

14   home.  She didn't bring it.  We can have it within -- tomorrow,

15   just a couple of days.

16            MR. ABRAMOWITZ:  One week would be fine.

17            THE COURT:  OK.  So I'll send you to the magistrate

18   judge to execute the bond.

19            MR. ABRAMOWITZ:  Your Honor, so we passed up actually

20   a bail disposition sheet.

21            THE COURT:  Yes.  You're going to have to give me some

22   more information because the conditions that you laid out are

23   not on this form.

24            MR. ABRAMOWITZ:  OK.  Would it be all right if we

25   filled that out and submit it to your Honor?

J2B9BURP

1            THE COURT:  No.  You need to take it to the magistrate

2      judge with my signature.

3            MR. ABRAMOWITZ:  OK.  I can do that.

4            THE COURT:  So just fill in those conditions and take

5      it to the magistrate judge and the magistrate judge will

6      execute the bond.

7            MR. ABRAMOWITZ:  Thank you.

8            THE COURT:  So I'll wait to hear from the parties.

9            I'm sorry.  Did you want this filed at this point?

10            MR. ABRAMOWITZ:  Yes, your Honor.  We're not

11      requesting sealing.

12            THE COURT:  All right.  So we'll get a docket number

13      and we'll have it on file.

14            MR. KOUSOUROS:  Thank you, Judge.  Good day, sir.

15            THE COURT:  Have a good day.

16            (Adjourned)

17

18

19

20

21

22

23

24

25